1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

IVAN SAGDAI,

                Plaintiff,

      v.

TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

                Defendant.

CASE NO. 21-00182-LK

ORDER GRANTING MOTION TO
COMPEL DISCOVERY

16

17

18

19

20

21

22

23

24

## I.    INTRODUCTION

This matter comes before the Court on defendant Travelers Home and Marine Insurance Company's ("Travelers") motion to compel discovery, Dkt. No. 17. Travelers seeks an order compelling Plaintiff to (1) appear for a Rule 35 examination; (2) respond to written discovery regarding his physical and mental conditions, his injuries and treatment, and his damages; and (3) appear and be deposed regarding his physical and mental conditions, his injuries and treatment, and his damages.

For the reasons laid out below, the Court grants Travelers' motion.

ORDER GRANTING MOTION TO COMPEL DISCOVERY - 1

## II.     BACKGROUND

Plaintiff filed his Complaint in February 2021, alleging that he was injured in a rear-end automobile collision in 2013 for which he was not at fault. Complaint (Dkt. No. 1-2) at ¶¶ 3.27, 3.28. Plaintiff alleges that he timely informed Travelers of the collision. *Id.* at ¶¶ 1.5, 3.29. Plaintiff had purchased automobile insurance from Travelers, including Underinsured Motorist ("UIM") coverage. *Id.* at ¶¶ 1.5, 1.6, 3.2. Underinsured Motorist coverage is designed to protect an insured driver when an at-fault driver has insufficient insurance coverage. *Id.* at ¶ 1.4. Here, the at-fault driver had the state minimum insurance policy limits. *Id.* at ¶ 3.33.

Plaintiff alleges that he suffered injuries, including a traumatic brain injury, from the collision and has received medical treatment as a result. Dkt. No. 1-2 at ¶¶ 3.30-3.32. In 2019, Plaintiff sent Travelers his medical records and a demand that Travelers pay the policy's $250,000 UIM limit. *Id.* at ¶¶ 3.39-3.40; Dkt. No. 2-3.

After receiving Plaintiff's demand, Travelers began an investigation. Declaration of James Burnham, (Dkt. No. 18), at ¶ 5. Travelers then offered to settle the claim for $10,000; Plaintiff declined that offer. *Id.* at ¶ 7; Dkt. No. 19-1.

After Plaintiff declined the settlement offer, Travelers asked Plaintiff to submit to an independent medical exam ("IME"), but Plaintiff did not comply with that request or Travelers' numerous subsequent requests for an IME. Dkt. No. 18 at ¶¶ 9-23, Ex. A. The policy allowed Travelers to request medical information and require an IME. Dkt. No. 18-2. In April 2020, Travelers informed Plaintiff that because he refused to participate in an IME, Travelers had closed its file. *Id.*, Ex. C.

Plaintiff's Complaint alleges that Travelers breached the insurance contract by, among other things, failing to conduct a reasonable investigation into his claim before making its offer of compromise settlement or closing its file. Dkt. No. 1-2 at ¶¶ 3.63, 4.1. Plaintiff also asserts a

1  claim for breach of the common law duty to act in good faith, *id.* at ¶¶ 5.1-5.6, and a claim for

2  violation of Washington's Consumer Protection Act. *Id.* at ¶¶ 6.1-6.7.

3       During discovery in this case, Travelers propounded written discovery requests to

4  Plaintiff that requested information about his medical condition and his health care records

5  related to the collision. Dkt. No. 11-2. Travelers alleges, and Plaintiff does not dispute, that

6  Plaintiff did not respond to the interrogatories or requests for production of documents regarding

7  damages he claims to have suffered as a result of the collision. Plaintiff supplemented his

8  responses to Travelers' interrogatories and requests for production but continued to refuse to

9  substantively answer requests for information about his medical condition. Dkt. No. 19-29. In the

10  same vein, Plaintiff refused to answer questions during his deposition regarding his medical

11  condition and related damages. Dkt. No. 19-22.

12       Travelers informed Plaintiff that it would schedule an IME with neurologist Dr.

13  Lawrence Murphy, but Plaintiff has consistently maintained that he is not required to submit to

14  an IME. Dkt. No. 19-15. As a result, the parties have not scheduled a date for the IME.

15                    **III.    DISCUSSION**

16       Plaintiff argues that "Travelers Insurance is not entitled to discovery about the damages

17  from the wreck, but they are entitled to discovery about damages from their bad faith behavior."

18  Dkt. No. 23 ("Response") at 2. Resolution of this motion turns on whether Travelers is entitled to

19  discovery regarding Plaintiff's alleged damages from the collision.

20       In civil cases, "[p]arties may obtain discovery regarding any nonprivileged matter that is

21  relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ.

22  P. 26(d). Federal Rule of Civil Procedure 35(a) authorizes the Court to order a party to submit to

23  a psychiatric or medical examination when (1) the "mental or physical condition—including

24  blood group—is in controversy" and (2) the moving party has shown "good cause."

- 3

1    These requirements are not satisfied by "mere conclusory allegations of the pleadings" or

2    "mere relevance to the case" but instead "require an affirmative showing by the movant that each

3    condition as to which the examination is sought is really and genuinely in controversy and that

4    good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S.

5    104, 118 (1964). The Supreme Court has recognized, however, that the pleadings alone may

6    establish both requirements, as in the case of a plaintiff who asserts a medical or physical injury

7    *Id.* at 119 (A plaintiff who asserts mental or physical injury in his pleadings "places that . . .

8    injury clearly in controversy and provides . . . good cause for an examination to determine the

9    existence and extent of such asserted injury.").

10   Here, Plaintiff seeks damages from Travelers based upon his claims that his brain injury

11   is permanent and requires ongoing medical care. *See generally* Complaint, Dkt. No. 1-2; Dkt.

12   No. 2-3;[1] *see also, e.g.*, *Fox*, 2016 WL 304784, at *6 (holding that the "fact that plaintiff alleges

13   numerous health-related injuries, sought treatment for these injuries, and seeks damages for past

14   and future medical expenses, puts plaintiff's mental state genuinely in controversy.") (internal

15   quotations and citations omitted). Plaintiff has therefore placed his physical condition in

16   controversy and provided good cause for a Rule 35 IME.

17   Furthermore, as mentioned above, the policy allows Travelers to request medical

18   information and require an IME. Dkt. No. 18-2. Such information is particularly relevant here

19   because Plaintiff's pleadings put his alleged injuries directly at issue in this case. Plaintiff does

20

21

---

22   [1] In a letter from 2019, Plaintiff's counsel stated that Plaintiff was "still affected by" the brain injury he suffered in the accident. *Id.* at 1. The letter further stated that Plaintiff "will need additional medical expenses in an amount currently unknown." *Id.* at 2. In addition to the need for future medical care, the letter stated that Plaintiff has "permanent mental disabilities" as a result of the collision. *Id.* at 4; *see also id.* at 7 ("Ivan's brain injury has not healed, and has left him unable to function at the level he did before the crash. This is a permanent injury."). There is no evidence in the record that Plaintiff later disavowed those statements or no longer contends that his brain injury is permanent.

23

24

- 4

1  not allege, and it does not appear, that Travelers can readily ascertain the information about

2  Plaintiff's condition and medical records from other means.

3       Plaintiff argues that Travelers failed to investigate before it made an offer to compromise

4  and is now "trying to use this court" to create that evidence and hide its misconduct. Response at

5  2. However, Plaintiff is entitled to conduct his own discovery, so any alleged misconduct will not

6  stay hidden. Moreover, the alleged lack of thoroughness of Travelers' investigation does not

7  undermine the relevance of information about Plaintiff's medical condition. Even if a jury is

8  limited to the information that Travelers had at the time when the jury evaluates the propriety of

9  Travelers' closure of its file, the discovery sought is relevant to the issues of causation and scope

10  of damages as set forth above.

11       Plaintiff's argument also implies that Travelers has waived its right to obtain the

12  discovery by not requesting it before it made its settlement offer. In support, Plaintiff cites

13  Washington regulations that he claims require insurance companies to complete a reasonable

14  investigation. Response at p. 2-3 (citing WAC 284-30-330(3), (4), and (13)). However, the cited

15  regulations do not preclude an insurance company from continuing an investigation after it

16  makes an offer of a compromise settlement or from conducting discovery during litigation.

17  Furthermore, Travelers sought an IME before it closed its file, but Plaintiff refused. Dkt. No. 18

18  at ¶¶ 9-23, Exs. A, C. Therefore, Travelers has not waived its rights to the discovery it now

19  seeks.

20       Finally, although Plaintiff argues that responding to the discovery sought will be

21  expensive and burdensome, he has not supported that allegation with any specifics or

22  demonstrated that the discovery is disproportionate or otherwise should not be allowed under

23  Rule 26. To the contrary, Plaintiff will not pay for the IME, the written discovery requests are

24

- 5

1   not unduly burdensome or disproportionate to the needs of the case, Dkt. No. 19-29, and

2   Plaintiff's deposition is limited to 7 hours total. Fed. R. Civ. P. 30.

3         In sum, Plaintiff's physical condition is in controversy and good cause exists to compel

4   an IME. The final requirement under Rule 35 is that an order for an examination "must specify

5   the time, place, manner, conditions, and scope of the examination, as well as the person or

6   persons who will perform it." Because this Order only partially satisfies the requirements of Rule

7   35(a)(2)(B), the parties must confer and submit a proposed order as laid out below.

8                    **IV.   CONCLUSION**

9         For all of the foregoing reasons, the Court GRANTS Defendant's Motion to Compel,

10   Dkt. No. 17, and ORDERS:

11         1. Plaintiff must provide complete and supplemental responses to Travelers' First

12   Interrogatories and Requests for Production within 30 days of the date of this Order.

13         2. Plaintiff must appear and be deposed regarding his health conditions, his injuries and

14   treatment, and his damages, including those related to the collision, on a mutually agreeable date.

15   The total duration of Plaintiff's August 5, 2021 deposition and any supplemental deposition of

16   Plaintiff shall not exceed 7 hours on the record.

17         3. The parties must confer and submit a proposed order containing the necessary

18   specifications required by Rule 35(a)(2)(B) within seven (7) days of the date of this Order. The

19   scope of the examination is limited to an examination to evaluate the reasonableness of

20   Plaintiff's past medical treatment, the causation of his medical conditions, the scope of his

21   injuries, his prognosis, and necessity of future medical treatment. After receiving the parties'

22   proposed order, the Court will issue a supplemental order pursuant to Rule 35(a)(2)(B) that sets

23   forth that information.

24

- 6

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2  to any party appearing pro se at said party's last known address.

3    Dated this 18th day of January, 2022.

4

5    Lauren King
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

- 7