Judge Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVAN SAGDAI,

    Plaintiff,

vs.

TRAVELERS HOME AND MARINE INSURANCE COMPANY, a foreign corporation doing business in Washington,

    Defendant.

No. 2:21-cv-00182-LK

**THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S MOTION TO STRIKE EXPERT WITNESSES**

The Travelers Home and Marine Insurance Company (Travelers) respectfully submits this Motion to Strike any testimony of Dr. Silver and Dr. Adler named as Expert Witnesses by Plaintiff. This motion is based on Plaintiff's failure to properly disclose their witnesses and refusal to make them available for a deposition.

## I.    CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(c) and LCR 26(c)(1), counsel for Travelers hereby certifies that they engaged in a good faith meet and confer with Plaintiff's counsel in an effort to resolve the subject dispute on August 11, 2022, by phone conference. The parties have been unable to resolve the subject dispute. Declaration of Tom Lether (Lether Decl.) ¶16.

## II.   INTRODUCTION & RELIEF REQUESTED

On December 21, 2021, the court set July 25, 2022, as the deadline to provide expert witness disclosures as required by Rule 26(a)(2).  As of the date of this filing, Plaintiff has failed to provide a proper and complete Rule 26 (a)(2) expert witness disclosure. The disclosures themselves failed to provide a complete statement of all opinions, facts or data considered in forming opinions, exhibits that will be used to summarize or support those opinions, a list of other cases in which the witness testified as an expert at trial or deposition in the last four years, and fee schedules for either doctor.  Plaintiff's alleged experts failed to provide expert reports.  Plaintiff has been notified of the deficiencies in his disclosure, but to date has not remedied his lack of compliance with substantively all of Fed R. Civ P. 26(a)(2) and the Order of this Court.

Plaintiff further failed to make his experts available for depositions within the time frame established by the Court.  Instead, he indicated that they would not be attending noted depositions scheduled prior to the discovery cutoff.

For these reasons, Travelers seeks for the Court to strike Dr. Adler and Dr. Silver.

## III.   STATEMENT OF FACTS

**A.   Procedural History of Continuances and Court Deadlines**

Plaintiff filed this lawsuit in King County Superior Court on February 2, 2021, alleging claims for breach of contract, bad faith, and breach of the CPA. Dkt. 1-2 On February 12, 2021, Travelers timely removed this lawsuit to this Court. Dkt. 1

On April 30, 2021, the Court established its first Civil Trial Scheduling Order, setting the matter for trial on June 6, 2022, and establishing cutoff dates for the various stages of the proceeding. Dkt. 9. On November 22, 2021, Travelers filed a Motion to Compel Discovery. Dkt. 17. On December 8, 2021, the Court issued Order Granting Stipulated Motion for Trial Continuance, resetting the trial to November 21, 2022. On December 21,2021, the Court reset

various deadlines. **Ex. A** to Declaration of Thomas Lether (Lether Decl.) Pertinent for this Motion, discovery was to be completed by July 25, 2022. **Ex. A** to Lether Decl. When the Court initially set the discovery deadline, it ordered that "[a]ll discovery - including expert disclosures and all fact and expert depositions- must be completed by the discovery cutoff date." Dkt. 9.

On January 19, 2022, the court granted Travelers' Motion to Compel Discovery. Dkt. 28 On April 18, 2022, the court issued the Order Resetting Trial Date and Related Pretrial Deadlines, which reset the trial again for January 3, 2023. Dkt. 33. This Order reset the trial date and various other deadlines but did not modify the discovery cutoff date or expert disclosure date. Dkt. 33. As the discovery cutoff approached, Travelers requested a two-week extension of expert depositions as the discovery cutoff coinciding with the expert disclosure deadline could effectively preclude the parties from deposing the other side's expert witnesses, whose identities and opinions would likely be unknown before the discovery deadline. Dkt. 36.

The Court granted the two-week extension of the expert witness deposition deadline on June 27, 2022, establishing a deadline of August 8, 2022, for expert witness depositions. Dkt. 38.

B. **Plaintiff's Expert Witness Disclosure and Attempts to Depose Plaintiff's Experts**

Plaintiff's counsel forwarded Plaintiff's Expert Witness Disclosures to Travelers on July 25, 2022. **Ex. B** to Lether Decl. Plaintiff identified two new treating doctors in his disclosures. There individuals are Dr. Silver and Dr. Adler. **Ex. B** to Lether Decl. No expert reports were provided to Travelers for Dr. Adler or Dr. Silver. **Ex. B** to Lether Decl. Instead, Plaintiff provided only the experts' curriculum vitae.

**Ex. B** to Lether Decl.

Relative to Dr. Adler, the disclosure stated:

> Dr. Adler has been out of the Country as well as testifying in another court matter. He has not had a chance to complete his report yet. Attached as Exhibit 5 is his curriculum vitae. Plaintiff will

supplement as soon as the report is made available. A testimony and fee schedule will be supplemented as well.

**Ex. B** to Lether Decl.

Relative to Dr. Silver, the disclosure stated:

> Dr. Silver has been out of the Country and will return September 1, 2022. We expect a report to be issued relatively shortly thereafter. Plaintiff will supplement the report as soon as it is available. Attached as Exhibit 6 is Dr. Silver's curriculum vitae. A testimony list and fee schedule will be supplemented as well.

**Ex. B** to Lether Decl.

In order to comply with the two-week expert discovery extension provided by Court Order, Travelers proceeded to note the depositions of the new experts. On July 27, 2022, Travelers provided Plaintiff with Notices of Deposition for Dr. Silver and Dr. Adler. Those depositions were noted as zoom depositions on August 3, 2022, and August 4. **Ex. D** to Lether Decl. Formal service of the Notices of Deposition occurred on July 29, 2022. **Ex. E** to Lether Decl.

On July 27, 2022, Travelers also notified Plaintiff via email of the deficiencies in Plaintiff's Expert Witness Disclosures and enclosed notices of deposition for the Dr. Adler and Dr. Silver. Regardless of these deficiencies, Travelers provided additional time beyond the July 25, 2022, deadline for Plaintiff to provide expert reports and to reschedule the two expert depositions. Traveler's letter stated:

> In our review of Plaintiff's Expert Witness Disclosures, we have identified numerous deficiencies which must be addressed. The discovery cut-off for this matter was July 25, 2022. This included expert disclosures. Rule 26(2)(B) requires that the disclosure be accompanied with a written report prepared and signed by the witness. For Dr. Shawgi Silver and Dr. Richard Adler, you indicated that they are out of the country and have not completed their report. Further, you did not include a testimony list or fee schedule for either doctor.
> Enclosed, please find notices of deposition which we are issuing today. Please advise us immediately if these dates do not work. We are willing to reschedule these depositions so long as they are concluded by the expert witness deposition cutoff of August 8, 2022.

1  |  Please be advised that you have until Friday, July 29, 2022,
2  |  to provide the required written reports and other Rule 26 mandatory information. If we do not have these documents and things by that date, we will file a Motion to Exclude these witnesses. Thank you

3 **Ex. D** to Lether Decl.

4     On July 27, 20222, Plaintiff's counsel responded requesting a two-to-three-month

5 continuance and the reopening of discovery. **Ex. H** to Lether Decl. On August 2, 2022, Plaintiff's

6 request for a continuance and reopening of discovery were respectfully declined by Travelers. **Ex.**

7 **I** to Lether Decl. Plaintiff's counsel nonetheless indicated that he was in fact filing a Motion to

8 Continue in this matter. Ex. L to Lether Decl. p.2  No such motion has been filed to date.

9     On August 2, 2022, Plaintiff's counsel informed Travelers via email that his experts would

10 not be attending the depositions scheduled for August 3, 2022, and August 4, 2022. **Ex. F** to Lether

11 Decl. On August 2, 2022, Plaintiff's counsel, however, provided handwritten notes, a typed initial

12 intake note, a series of invoices Plaintiff claimed Travelers needed to pay, and two documents

13 marked CNS Vital Signs Report. **Ex. J** to Lether Decl.  Also included were a series of emails

14 between Plaintiff's counsel and the Experts' office regarding scheduling and initial contact. **Ex. J**

15 to Lether Decl. No other information was provided.

16     Thereafter, Traveler's contacted Plaintiff's counsel on August 2, 2022, August 3, 2022, and

17 August 8, 2022, again attempting to reschedule the depositions of Dr. Silver and Dr. Adler **Ex. K,**

18 **L, and M** to Lether Decl.  Travelers' counsel sought any date prior to the court's deadline. No dates

19 were provided by Plaintiff within the deadline established by the court. As a result, Travelers

20 scheduled a conference of counsel on August 11, 2022, to address these issues.

21 **C.**     <u>**Fed. R. Civ. P. 26 and LCR 26 Meet and Confer Conference**</u>

22     On August 9, 2022, Travelers requested a telephonic conference pursuant to Fed. R. Civ.

23 P. 26 and LCR 26 with Plaintiff's counsel to address the deficiencies and attempt to resolve the

24 dispute. **Ex. N** to Lether Decl. The conference occurred on August 11, 2022, and was attended by

Gavin Flynn for the Plaintiff and Dan Schilling for Travelers. A resolution was not reached as both sides had disparate views on the resolution of the matter. Plaintiff's counsel suggested that the matter be continued, but that was not amenable to Travelers due to prior delays. Correspondence memorializing the telephone conference was forwarded to Plaintiff's counsel. **Ex. O** to Lether Decl.

## IV.  ARGUMENT & AUTHORITY

**A.  <u>Excluding Expert Witnesses Under FRCP 26(A)(2)(B) and FRCP 37</u>**

FRCP 26(a)(2)(B), sets forth the contents that must be included in an expert report and provides as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i)  a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)  the facts or data considered by the witness in forming them;
>
> (iii)  any exhibits that will be used to summarize or support them;
>
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

FRCP 26(a)(2)(B).

FRCP 37 provides the penalty for failing to comply with the expert disclosure requirements.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), ***the party is not allowed to use that information or witness to supply evidence on a motion, at a***

>    ***hearing, or at a trial***, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>    (A)   may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>    (B)   may inform the jury of the party's failure; and
>
>    (C)   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FRCP 37(c)(1) (emphasis added).

With respect to the interaction between Rules 26 and 37, the Ninth Circuit Court of Appeals has held as follows:

> As discussed above, Rule 26 of the Federal Rules of Civil Procedure requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports. Fed. R. Civ. P. 26(a)(2). Parties must make these expert disclosures at the times and in the sequence that the court orders. *Id*. Rule 37 "gives teeth" to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Yeti by Molly Ltd*., 259 F.3d at 1106 (citing Fed. R. Civ. P. 37(c)(1)). Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. *Id*. (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

*Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827, 2011 U.S. App. LEXIS 8979, *24, 79 Fed. R. Serv. 3d (Callaghan) 532. *See also, Vincent v. Stewart*, 2020 U.S. Dist. LEXIS 1683, *29, 2020 WL 59870 (Jan. 2, 2010, W.D. Wa.).

Plaintiff has failed to provide a complete statement of all opinions, facts or data considered in forming opinions, exhibits that will be used to summarize or support those opinions, and fee schedules for either Dr. Adler or Dr. Silver. **Ex. B** to Lether Decl.

Plaintiff is without a valid justification for his failures to comport with the Order of the

Court and Fed. R. Civ. Pro. 26(a)(2). These failures are unduly prejudicial to Travelers, jeopardize the trial date currently set, and form part of an ongoing pattern of willful disregard of the Rules of Civil Procedure.

Plaintiff's disregard has consequence and, in this instance, has prejudiced Travelers. The Federal Rules of Civil Procedure are constructed in a manner to afford a level playing field for all litigants. By disregarding the rules and deadlines, Plaintiff has sought an unfair advantage. By providing opinions after Travelers, Plaintiff's experts have the advantage of crafting their opinions responsive to Travelers' experts. Further, they also have the advantage of additional time to craft their opinions. This creates an uneven playing field.

Expert Witness disclosures occur simultaneously so as to not permit either side the advantage of having an opinion generated after reviewing the other side's report. Permitting the Plaintiff to provide his experts' opinions after the deadline unduly prejudices Travelers.

Travelers' counsel, like most attorneys also has more than one client. With multiple trials set for the coming months, rearranging schedules to accommodate a Plaintiff who disregards deadlines renders all prior attempts at coordinating and scheduling multiple trials in multiple courts futile. *See* Lether Decl. ¶ 18. Beyond trials, there are assorted hearings, motions, depositions, and other aspects of litigation that have been planned, scheduled, and calendared. Further, Travelers needs to begin preparing for trial in *this* matter.

As the Court is aware, Plaintiff has repeatedly failed to provide answers to basic discovery in this case. This resulted in Travelers' Motion to Compel Dkt17 and the Court's Order. Dkt. 28 In additional Plaintiff has, since the inception of this claim, failed to provide information supporting his claims. *See* Travelers Motion for Summary Judgment, filed concurrently.

B. **Plaintiff's Failure to Notify Dr. Adler or Silver of Disclosure Deadline**

Good cause does not exist to justify the Plaintiff's failure to comply with their duty to

TRAVELERS' MOTION TO STRIKE EXPERT WITNESS - 8

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

disclose under Fed. R. Civ. Pro. 26 (a)(2). The correspondence between Plaintiff's counsel and Dr. Adler's office indicates that Plaintiff's counsel failed to notify his experts of the deadline. **Ex. J** to Lether Decl.

Plaintiff has asserted that Dr. Silver has been out of the Country but will return September 1, 2022. The June 13, 2022, email indicated : "Dr. Silver starts in September and might possibly be able to see your client before July 1." **Ex. J** Lether Decl. It is not clear what was meant by "starts in September", but it indicates that as of June 13, 2022, Dr. Silver would not be capable of providing an expert report by the deadline. This may explain, but not justify, the lack of a report from Dr. Silver and the doctor's unavailability.

The failure of Plaintiff's counsel to advise their experts of a discovery deadline is not a valid justification for non-compliance with the Order of the Court or Fed R. Civ. Pro 26 (a)(2). Relying on an expert who does not even start until over a month after the discovery deadline is not a valid justification for non-compliance with the Order of the Court or Fed R. Civ. Pro 26 (a)(2). These failures go beyond mere accident and suggest willful disregard of the Court's deadlines and the disclosure requirements of Fed R. Civ Pro 26 (a)(2).

C.  **Plaintiff's Refusal to Make Expert Witnesses Available.**

Travelers attempted to take the depositions of Dr. Adler and Dr. Silver via Zoom in the Court-established two-week period between disclosure on July 25, 2022, and the August 8, 2022, deadline. **Ex. D** to Lether Decl. This was despite not receiving expert reports or other mandatory information required under Fed. R. Civ. Pro. 26(a)(2). The Plaintiff was aware of the deadline and the two-week window the Court established to complete expert depositions but did not make his experts available for depositions. Plaintiff seemingly took no proactive measures to arrange

or coordinate his expert's depositions within the two-week window provided by the court's Order.

Travelers made multiple attempts to reschedule the depositions to no avail. The only dates provided to potentially take Dr. Adler's deposition were August 29, 2022 or August 30, 2022. **Ex. P** to Lether Decl. Plaintiff's counsel informed Travelers that Dr. Silver was on vacation and staff would reach out to attempt to provide dates after September 1, 2022. **Ex. P** to Lether Decl. These dates all fall beyond the discovery cutoff. Moreover, to date no expert reports have been provided for these two doctors.

D. **Pattern of Obstruction**

On November 22, 2021, Travelers filed a Motion to Compel Discovery due to the fact that the Plaintiff unilaterally limited the scope of discovery, refused to sit for a physician's examination, and unilaterally limited the scope of Plaintiff's deposition. Dkt. 17 The court granted this Motion on January 19, 2022. Dkt. 28 Now, currently, the Plaintiff has once more made efforts to obstruct and defy the ordinary discovery process.

Plaintiff's failure to provide expert witness reports and a complete disclosure as required by Fed. R. Civ. P 26(a)(2) is the latest in a chain of Plaintiff's disregard of Federal Rules and the Orders of this court.

Travelers has also filed this Motion to Strike concurrently with Travelers' Motion for Summary Judgment which outlines the long history of Plaintiff's failure to comply with the policy and civil rules.

V.   **CONCLUSION**

Based on the foregoing, Travelers requests that the Court strike Dr. Adler and Dr. Silver, prohibiting Plaintiff from using these witnesses or information from these witnesses to supply evidence on a motion, at a hearing, or at a trial their testimony at trial pursuant to Fed. R. Civ. P. 26(a)(2)(b) and Fed. R. Civ. P. Rule 37(a)(5).

| | |
|---|---|
| 1 | |
| 2 | DATED this 23rd day of August 2022 |
| 3 | LETHER LAW GROUP |
| 4 | |
| 5 | *s/ Thomas Lether*<br>Thomas Lether, WSBA # 18089 |
| 6 | Eric J Neal, WSBA # 31863<br>Kasie Kashimoto, WSBA # 54268 |
| 7 | 1848 Westlake Ave N., Suite 100<br>Seattle, WA 98109 |
| 8 | P: (206) 467-5444/F: (206) 467-5544<br>tlether@letherlaw.com |
| 9 | eneal@letherlaw.com<br>kkashimoto@letherlaw.com |
| 10 | *Attorneys for Defendant The Travelers Home and Marine Insurance Company* |

TRAVELERS' MOTION TO STRIKE EXPERT WITNESS - 11

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the parties mentioned below as indicated:

Gavin Flynn
Law Office of Gavin Flynn
1499 SE Tech. Center Place
Suite 135
Vancouver, WA 98683
gavin@gavinflynnlaw.com

**By:**     [ ] **First Class Mail**          [X] **ECF/E-Service**       [ ] **Legal Messenger**

Dated this 23rd day of August, 2022 at Seattle, Washington.

*s/   Nico Schulz*
Nico Schulz | Paralegal