1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVAN SAGDAI,

                      Plaintiff,

      v.

TRAVELERS HOME MARINE
INSURANCE COMPANY,

               Defendant.

CASE NO. C21-182-LK

**ORDER GRANTING
DEFENDANT'S MOTION TO
STRIKE EXPERT WITNESSES**

       Defendant Travelers Home and Marine Insurance Company moves to strike any

testimony by plaintiff's expert witnesses Dr. Silver and Dr. Adler based on plaintiff's refusal to

comply with Federal Rule of Civil Procedure 26(a)(2)(B) by the discovery deadline of July 22,

2022, and plaintiff's failure to make his expert witnesses available for depositions before the

expert discovery deadline of August 8, 2022. Dkt. 39; *see also* Dkts. 35, 38. In response, plaintiff

has stated no substantially justifiable basis for, or the harmless of, failing to provide the expert

reports by the discovery deadline, failing to make his experts available for depositions by the

expert discovery deadline, and failing to seek relief from those deadlines in accordance with

Local Civil Rule 7(j).[1] The Court therefore **GRANTS** Travelers's motion to strike plaintiff's

---

[1] To this date, there is still no indication that written expert reports by Dr. Silver and Dr. Adler
have been prepared.

ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE EXPERT WITNESSES
- 1

expert witnesses Dr. Silver and Dr. Adler, prohibiting plaintiff from using these witnesses or information from these witnesses to supply evidence on a motion, at a hearing, or at trial. Dkt. 39; *see* FED. R. CIV. P. 26(a)(2)(B), 37(c)(1).

Rule 26 of the Federal Rules of Civil Procedure requires the disclosure of retained experts' written reports. Fed. R. Civ. P. 26(a)(2)(B).

> Parties must make these expert disclosures at the times and in the sequence that the court orders. Rule 37 "gives teeth" to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless.

*Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citations omitted). Plaintiff has not justified failing to comply with the expert disclosure requirements of Federal Rule 26(a)(2)(B) by the court-ordered deadlines, and this violation of the Civil Rules is not harmless.

Plaintiff cannot reasonably accuse Travelers of having disclosed its own experts late by having disclosed them on the discovery deadline, or reasonably accuse Travelers of attempting to force Dr. Silver and Dr. Adler into a deposition too quickly when plaintiff failed to provide medical records from Dr. Silver and Dr. Adler until after receiving the notices of deposition. *See* Dkt. 47, at 5–6; Dkt. 49, at 5; *compare* Dkt. 40-5, at 2–3, *with* Dkt. 40-12, at 4–5. Plaintiff had fair notice that the discovery deadline would not be moved after the district court denied the parties' joint stipulated motion to extend the discovery deadlines in May 2022. Dkt. 35. Plaintiff's exhibits demonstrate that counsel first consulted with Dr. Adler in mid-June 2022, Dr. Adler was informed that "Discovery cut-off is not yet certain," that testing results from Dr. Adler's office would take six to eight weeks, and that Dr. Silver would not be available until

ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE EXPERT WITNESSES
- 2

September 2022. Dkt. 48-11 at 2; 48-12, at 2. Nonetheless, plaintiff never sought relief from the relevant discovery deadlines for disclosures of written expert reports. Moreover, though plaintiff remarks he received the CR 35 examination report 68 days after the examination instead of the ordered 45 days after the examination, he fails to note that Travelers itself did not receive the report until Friday, April 28, 2022, and provided it to plaintiff two business days later on May 3, 2022. Dkt. 48-6, at 2; Dkt. 50-1, at 2–3. To the extent plaintiff implies that he lost 23 days of time to procure expert reports due to this delay in receiving the CR 35 examination report, the Court notes that plaintiff received the CR 35 examination report 83 days prior to the expert disclosure deadline and, regardless, had not offered expert reports from Dr. Silver and Dr. Adler more than a month after the discovery deadline had already passed.

Plaintiffs' violation of Federal Rule 26(a)(2)(B) is not harmless. Travelers has been prejudiced because the exchange of written expert reports is no longer simultaneous, if allowed plaintiff's expert opinions could be crafted to refute Travelers's experts, and plaintiff has received Travelers' expert reports while failing to provide his own. In addition, plaintiff's deliberate disregard of court-ordered deadlines wastes court resources.

The Court **GRANTS** Travelers's motion to strike plaintiff's expert witnesses Dr. Silver and Dr. Adler and any use of their testimony in these proceedings because plaintiff's failure to comply with the expert disclosure requirements was harmful and substantially unjustified. Dkt. 39; *see* FED. R. CIV. P. 26(a)(2)(B), 37(c)(1).

DATED this 3rd day of October, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE EXPERT WITNESSES
- 3