1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IVAN SAGDAI,

                       Plaintiff,

     v.

TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

                 Defendant.

CASE NO. 2:21-cv-00182-LK

ORDER DENYING MOTION TO
CONTINUE TRIAL DATE AND
OTHER DEADLINES

On the eve of trial, Plaintiff Ivan Sagdai has moved "to continue the trial date to no sooner than June 2023 and to reset deadlines to reflect the new trial date." Dkt. No. 64 at 1.[1] Sagdai's description of the motion is misleading, however, because what he really seeks is for the Court to send the parties back to square one. Over a year after the deadline to amend pleadings and nearly four months after the close of discovery, Sagdai seeks an order allowing him to amend his complaint, reopening discovery, providing a second opportunity for dispositive motions, and moving the impending January 3, 2023 trial by six months. Dkt. No. 64 at 1, 6–7. During a hearing

---

[1] Sagdai states that this is his "first request for a trial continuance," but he was previously granted such a continuance in December 2021. Dkt. No. 64 at 1; *see* Dkt. Nos. 20, 21.

ORDER DENYING MOTION TO CONTINUE TRIAL DATE AND OTHER DEADLINES - 1

1  on the motion on November 21, 2022, Dkt. No. 69, Travelers stated that it opposes the motion

2  because the parties are on the eve of trial with trial preparations well underway. For the reasons

3  set forth below, the Court denies the motion.

## I.      BACKGROUND

The Court provided the background of this case in its Order on the parties' motions for summary judgment, Dkt. No. 63 at 2–6, and adopts it here. Apart from that background information, the following timeline is relevant to Sagdai's motion:

- **9/7/2021:** Deadline to amend pleadings. Dkt. No. 9.

- **5/3/2022:** Travelers provides Dr. Blue's Rule 35 examination report. Dkt. No. 65-1 at 2.

- **7/25/2022:** Close of discovery and deadline to disclose experts. Dkt. No. 38 at 1.

  - Travelers discloses Dr. Blue, Dr. Patrick Bays, and Dr. Steve Strzelec, attaching their reports to the disclosure. Dkt. No. 64 at 2–3.

- **8/8/2022:** Expert deposition deadline. Dkt. No. 38 at 2.

- **8/23/2022:** Deadline for dispositive motions and motions challenging expert testimony. Dkt. No. 33 at 1.

  - Travelers files a motion for summary judgment. Dkt. No. 41.

  - Travelers moves to strike Sagdai's experts, Doctors Adler and Silver. Dkt. No. 39.

- **10/3/2022:** Magistrate Judge Brian Tsuchida grants Travelers' motion to strike Doctors Silver and Adler due to Sagdai's failure to (1) provide their expert reports by the discovery deadline, (2) make them available for depositions by the expert discovery deadline, and (3) seek relief from those deadlines in accordance with Local Civil Rule 7(j). Dkt. No. 61.

- **11/3/2022:** Court grants in part and denies in part Travelers' motion for summary judgment. Dkt. No. 63.

- **11/17/2022:** Sagdai files his motion to continue trial and notes it for December 16, 2022. Dkt. No. 64.

- **11/29/2022:** Deadline for motions in limine. Dkt. No. 33 at 2.

- **12/13/2022:** Deadline for Pretrial Order. Dkt. No. 33 at 2.

- **12/16/2022:** Noting date for motion to continue trial. Dkt. No. 64.

- **12/20/2022:** Deadline for trial briefs, preliminary findings of fact and conclusions of law, deposition designations, exhibit list. Dkt. No. 33 at 2.

- **1/3/2023:** Trial. *Id.*

## II.    DISCUSSION

In his motion, Sagdai argues that the Court should upend the trial date and the lapsed discovery deadlines because the declarations of Dr. Blue and Dr. Strzelec that Travelers attached to its August 23, 2022 motion for summary judgment "changed the factual bases for the opinions disclosed in their expert reports, as well as some of their opinions." Dkt. No. 64 at 3. Three months after he received these declarations, Sagdai claims that he "needs time to consult with his own experts to formulate and conduct appropriate discovery into the basis for the declarations, as well as the conduct of [Travelers and its] counsel in potentially fraudulently misleading its experts." *Id.* Sagdai also attacks the July 25, 2022 report of Dr. Bays, complaining that he "adopts a standard for 'reasonable' and 'necessary' medical treatment ('maximum medical improvement') that the Washington Supreme Court has unanimously rejected[.]" *Id.* Finally, Sagdai contends that the July 25, 2022 reports of all three doctors "disclosed evidence that raised issues of pre- and post-litigation bad faith conduct." *Id.*

Sagdai has not demonstrated good cause or excusable neglect, and the Court denies his motion.

**B.    Sagdai Has Not Shown Good Cause for a Trial Date Continuance**

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). Instead, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court." LCR 16(m)(1). Furthermore, Local Civil Rule 7(j) cautions that "whenever possible," a motion for relief from a deadline should "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."

1    Federal Rule of Civil Procedure Rule 16(b) "primarily considers the diligence of the party

2    seeking the [extension]." *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir.

3    1992). Under this standard, a schedule modification is appropriate if the current deadline cannot

4    be met despite the diligence of the moving party. *Id.* Carelessness is incompatible with a finding

5    of diligence. *Id.* The Court's inquiry thus focuses on the moving party's reasons for seeking a

6    modification and, "[i]f that party was not diligent, the inquiry should end." *Id.*; *accord Zivkovic v.*

7    *S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

8    As the moving party, Sagdai "has the burden of demonstrating good cause to continue

9    trial," but he has failed to meet that burden. *White v. Ethicon, Inc.*, No. C20-952-BHS, 2022 WL

10   596407, at *1 (W.D. Wash. Feb. 28, 2022). Sagdai argues that Travelers provided Dr. Blue's Rule

11   35 report on May 3, 2022, 68 days after the examination, despite the Court's order that it be

12   provided within 45 days. Dkt. No. 64 at 5; *see* Dkt. No. 30 at 3. But other than noting the three-

13   week delay, Sagdai does not explain why it justifies a trial date continuance or why he failed to

14   move for one in the intervening six months. He also argues that one of his treating physicians

15   "recommends new testing to directly address the issues raised in Dr. Blue's August 23, 2022

16   Declaration," Dkt. No. 64 at 5, but again, he did not act diligently because he waited nearly three

17   months after receiving that declaration to seek a continuance.

18   Other than stating that he "has been diligently pursuing this case," *id.* at 6, Sagdai does

19   nothing to explain why he filed his motion on the eve of trial, nearly three months after receiving

20   Dr. Blue's and Dr. Strzelec's declarations, nearly four months after receiving the experts' reports,

21   and more than six months after receiving Dr. Blue's Rule 35 examination report. Sagdai has not

22   provided any justification for waiting so long to bring to the Court's attention his alleged need for

23   more time to respond to those opinions. Sagdai's failure to demonstrate diligence justifies denying

24   the motion. *See, e.g.*, *Johnson*, 975 F.2d 609; *White*, 2022 WL 596407, at *1 (denying motion for

ORDER DENYING MOTION TO CONTINUE TRIAL DATE AND OTHER DEADLINES - 4

1    trial date continuance where the plaintiff "ha[d] not provided any justification for waiting until the

2    month before the pretrial conference and pretrial deadlines to bring the instant motion to

3    continue.").

4    **C.      Sagdai Has Not Demonstrated Excusable Neglect or Justified Reopening Discovery**

5           When a party seeks to extend a deadline after it has elapsed, an excusable neglect standard

6    applies. *See* Fed. R. Civ. P. 6(b)(1)(B). Whether a litigant has established excusable neglect is

7    entrusted to the court's discretion, considering (1) the danger of prejudice to the non-moving party,

8    (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay,

9    including whether it was within the reasonable control of the movant, and (4) whether the moving

10   party acted in good faith. *See, e.g.*, *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc).

11   And "[w]hen ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," courts

12   must similarly consider the following factors:

13          1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-
            moving party would be prejudiced, 4) whether the moving party was diligent in
14          obtaining discovery within the guidelines established by the court, 5) the
            foreseeability of the need for additional discovery in light of the time allowed for
15          discovery by the district court, and 6) the likelihood that the discovery will lead to
            relevant evidence.
16
     *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (cleaned up).
17
            Here, the discovery deadline has long passed, Dkt. No. 38 at 1–2, and Sagdai must
18
     demonstrate that his failure to complete discovery within the time allotted was due to excusable
19
     neglect. Fed. R. Civ. P. 6(b)(1)(B). The January 3, 2023 trial date is imminent, which weighs
20
     against reopening discovery. *See, e.g.*, *W. Towboat Co. v. Vigor Marine, LLC*, No. C20-0416-
21
     RSM, 2021 WL 1923422, at *6 (W.D. Wash. May 13, 2021) (finding that an imminent trial date
22
     in approximately six weeks weighed against reopening discovery). And Travelers informed the
23
     Court during the November 21, 2022 hearing that it opposes the motion. Dkt. No. 69. Furthermore,
24

ORDER DENYING MOTION TO CONTINUE TRIAL DATE AND OTHER DEADLINES - 5

1   reopening discovery at this late date would likely prejudice Travelers. If the Court were to allow

2   additional discovery, it would have to set a new trial date, substantially disrupting the orderly

3   disposition of this case. Continuing the trial date would prejudice Travelers and its interest in the

4   timely adjudication of this case, which has been pending since February 2021. The prejudice is

5   exacerbated because the case is on the eve of trial, Travelers has filed its motions in limine, and it

6   is preparing for trial. Therefore, this factor weighs against reopening discovery as well. *See, e.g.*,

7   *W. Towboat Co.*, 2021 WL 1923422, at *6 (finding that reopening discovery late in the case would

8   prejudice the opposing party by inflicting delay).

9          In addition, Sagdai's lack of diligence weighs against him. Sagdai claims that he was left

10   with "insufficient time to conduct relevant discovery" after Travelers disclosed its expert reports.

11   Dkt. No. 64 at 3. But Travelers timely disclosed those reports, and Sagdai admits that he "could

12   have potentially deposed the [three] experts" after they submitted their reports and before the

13   expert-related discovery deadline expired. *Id.* He does not explain why he failed to do so.

14   Furthermore, Sagdai was on notice of the time afforded him to complete such depositions and

15   discovery, and he did not move for any relief after the Court's May 12, 2022 denial of the parties'

16   stipulated motion to extend discovery to November 11, 2022, Dkt. Nos. 34–35,[2] nor did he oppose

17   Travelers' June 6, 2022 motion to extend the expert deposition deadline to August 8, Dkt. No. 36.

18   He also did not seek relief from any deadline in the months after he received the reports on July

19   25, 2022.

20          He now claims to need discovery "related to bad faith," Dkt. No. 64 at 3, but his motion

21   and supporting declaration seek discovery based on Dr. Blue's May 2022 report and the July 2022

22   reports of Travelers' experts, all of which were disclosed months ago, *id.* at 3, 6–7; Dkt. No. 67 at

23

24   [2] The Court denied the motion without prejudice because the parties failed to show good cause. Dkt. No. 35 at 1.

ORDER DENYING MOTION TO CONTINUE TRIAL DATE AND OTHER DEADLINES - 6

3–9. Sagdai does not explain why he did not depose Travelers' experts within the time allotted by the Court and instead waited until now—months after receiving those reports—to seek a discovery extension. Deciding in hindsight that he should have deposed Travelers' experts or conducted more discovery does not constitute excusable neglect. *See, e.g.*, *Hartman v. United Bank Card*, *Inc.*, 291 F.R.D. 591, 595 (W.D. Wash. 2013) (deciding "based on twenty-twenty hindsight" that decision to delay or forgo individual's deposition was error, or that more discovery should have been conducted at earlier time, was not excusable neglect).

Turning to the final *City of Pomona* factor, it is possible that additional discovery may lead to relevant evidence. *See City of Pomona*, 866 F.3d at 1066. Although this factor weighs in favor of reopening discovery, the time to seek relief to obtain this discovery was months ago.

With respect to the last excusable neglect factor—good faith—the Court finds that it too weighs against reopening discovery. Sagdai has had the expert materials for months and makes no attempt to explain why he waited so long to bring this motion. To say the least, this is not a hallmark of good faith.

All but one of the relevant factors for reopening discovery weigh against Sagdai. He has failed to show excusable neglect, and the Court accordingly denies his request to reopen discovery.

**D.      Sagdai Is Not Entitled to Amend His Complaint on the Eve of Trial**

When a party seeks to amend its complaint, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Although the "general rule" is that leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), delay is a relevant—though non-dispositive—factor in the court's analysis, "especially when no reason is given for the delay," *Lockheed Martin Corp.*

*v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Moreover, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). And "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin*, 194 F.3d at 986. Finally, "[w]here the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Id.*.

Sagdai's request to amend his complaint comprises a single sentence: he claims he "must amend his complaint to include the defendant counsel's potentially fraudulent behavior against its client's insured." Dkt. No. 64 at 6. The rest of his motion—aimed at obtaining a trial date continuance and additional discovery—is devoid of any argument to support that conclusory request. Nor has Sagdai complied with Local Civil Rule 15, which requires a party seeking to amend a complaint to "attach a copy of the proposed amended pleading as an exhibit to the motion or stipulated motion." Sagdai's failure to comply with the Local Civil Rules and attach a proposed amended complaint—combined with the vague nature of his request to amend—leaves the Court unable to determine whether his proposed amendments are futile.

Moreover, Sagdai has engaged in undue delay. He claims that Travelers' counsel has engaged in "potentially fraudulent behavior" against him by providing Dr. Blue incomplete medical records and misleading property records for his Rule 35 examination. Dkt. No. 64 at 6; Dkt. No. 67 at 3–4. But that alleged conduct occurred months ago, before Dr. Blue conducted the Rule 35 examination and submitted his expert report. Dkt. No. 67 at 3–4 (alleging that Dr. Blue's report shows that "he was not provided all of the relevant records" and minimized the amount of the property damage); Dkt. No. 65-1 at 2 (Sagdai received Dr. Blue's report on May 3, 2022). Sagdai does not claim to have only recently discovered the alleged misconduct or explain why he waited until now to seek to amend his complaint and reopen discovery. *See Jackson v. Bank of*

ORDER DENYING MOTION TO CONTINUE TRIAL DATE AND OTHER DEADLINES - 8

1    *Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (relevant "in determining whether the lower court

2    properly denied the motion for leave to amend is whether appellants unduly delayed in filing their

3    motion" to amend; eight-month delay from time of obtaining facts until filing amended complaint

4    was unreasonable). Here, Sagdai's over-six-month delay was unreasonable.

5        And Travelers would suffer prejudice if Sagdai were permitted to add new facts and claims

6    on the eve of trial after the deadlines to conduct discovery, file dispositive motions, and file

7    motions in limine have passed. *See, e.g.*, *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir.

8    1991) (affirming denial of leave to amend where the plaintiff sought leave to amend after discovery

9    closed and "just four and a half months before the trial date" because defendant "would have been

10   unreasonably prejudiced by the addition of numerous new claims so close to trial");

11   *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming denial

12   of leave to amend where the plaintiff unreasonably delayed moving to amend and the assertion of

13   new facts and legal theories would have prejudiced the defendant); *Roberts v. Ariz. Bd. of Regents*,

14   661 F.2d 796, 798 (9th Cir. 1981) (prejudice may be found where additional claims are "raised at

15   the eleventh hour, after discovery [is] virtually complete and the [defendant's] motion for summary

16   judgment [is] pending before the court."); *Diederich v. Providence Health & Servs.-Wash.*, No.

17   CV-10-1558-RAJ, 2016 WL 9241273, at *1 (W.D. Wash. Oct. 26, 2016) (denying leave to amend

18   complaint filed two months before trial and noting that "[t]here is no doubt that Defendants will

19   be prejudiced should the Court allow Plaintiff to amend his complaint based on the arguments in

20   his motion" and that "[t]he Court is skeptical that Plaintiff has brought forth that information, now,

21   in good faith on the eve of trial.").

22       Although there is no evidence of bad faith and the Court has insufficient information to

23   determine futility, Sagdai's undue delay and the potential prejudice to Travelers weigh in favor of

24   denying the request to amend.

### III.     CONCLUSION

Because Sagdai has not demonstrated excusable neglect or good cause, the Court DENIES his motion to continue the trial date and pretrial deadlines and to amend his complaint. Dkt. No. 64.

Dated this 2nd day of December, 2022.

Lauren King
United States District Judge

ORDER DENYING MOTION TO CONTINUE TRIAL DATE AND OTHER DEADLINES - 10